HARRIS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-428-CR

TIARA MARIE HARRIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Tiara Marie Harris was charged by information with the offense of possession of marijuana under two ounces.  Harris filed a motion to suppress the marijuana evidence.  She subsequently entered a plea of no contest and received deferred adjudication subject to a plea bargain.  This appeal follows.  We affirm.

II. Background Facts

The following facts were presented at Harris’s suppression hearing.  Detective Chris Kemp testified that a fellow Lewisville police officer described an incident to him in which at 5:10 a.m. on September 21, 2004, the officer observed a woman and a man exit a car that was later determined to be stolen. The man fled by foot.  The woman walked by the officer and told him that the car was not hers but did not stop walking.  The officer found a man’s name inside the car.  Based on the officer’s physical description of the woman, Detective Kemp believed that the woman was Tiara Harris.  Further, he recognized the name found in the car as a man that Harris used to date.

During Detective Kemp’s investigation of the incident, he discovered an arrest warrant for Harris out of Dallas County.  The warrant was unrelated to the current investigation.  At 9:08 a.m., four hours after the police officer had observed the incident, Detective Kemp and another detective, Robert Feagins, drove to the last known address for Harris with the intent to arrest her.  The address was an extended-stay hotel located across the highway from where the stolen car was found and from where the police had observed the woman and man exiting the car.  When Harris answered the door, the detectives advised her that they had
 
a warrant for her arrest.  The detectives then asked Harris if they could come in and talk to her.  When the detectives entered the room upon Harris’s consent, they noticed that the bathroom door was closed.  Detective Feagins entered the bathroom and saw a marijuana joint on the counter.  Harris was subsequently charged with possession of marijuana.

III. Arrest Warrant

In her first issue, Harris claims that the police did not have a valid arrest warrant when they arrested her at her hotel room.  Thus, she asserts that the arrest was illegal, rendering the protective sweep and any evidence obtained as a result of it inadmissible.  The State argues that Harris failed to preserve error. We agree. In her motion to suppress, Harris only challenged the search of the hotel room and the protective sweep of the bathroom as illegal under the Fourth Amendment to the U.S. Constitution, as well as article I, section 9 of the Texas Constitution, and articles 1.06 and 18.01(b) of the Texas Code of Criminal Procedure.  She did not, however, claim that the arrest was illegal.  Nor did she present this argument at the hearing on her motion.  As such, Harris has forfeited this argument on appeal.  
See
 
Tex. R. App. P
. 33.1(a);
 Martinez v. State
, 17 S.W.3d 677, 682-83 (Tex. Crim. App. 2000).  We overrule Harris’s first issue.

IV. Protective Sweep 

In her second issue, Harris argues that the protective sweep conducted by the police was illegal and as such, the marijuana evidence discovered as a result of the sweep should have been suppressed.  

A “protective sweep” is a “quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others.” 

Reasor v. State, 
12 S.W.3d 813, 815 (Tex. Crim. App. 2000).  “The Fourth Amendment permits a properly limited protective sweep in conjunction with an in-home arrest when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene.” 
 Id
. at 337 (quoting 
Maryland v. Buie
, 494 U.S. 325, 337, 110 S. Ct. 1093, 1096 (1990)).  Further, an occupant of a motel room is entitled to the same constitutional protections against unreasonable searches and seizures with respect to the motel room as an occupant of a home.  
Stoner v. California
, 376 U.S. 483, 490, 84 S. Ct. 889, 893 (1964);
 Moberg v. State
, 810 S.W.2d 190, 194 (Tex. Crim. App. 1991). 

The sweep must not be a full search of the premises.  
Reasor, 
12 S.W.3d at 816.  Rather, it may only extend to a cursory inspection of those spaces where a person may be found and may only last long enough to dispel the reasonable suspicion of danger. 
 Id
.  Furthermore, the protective sweep is not an automatic right police possess when making an in-home arrest.  
Id
.  It is permitted only when justified by a reasonable, articulable suspicion that the house is harboring a person posing a danger to those on the arrest scene.  
Id
.

Harris contends that the protective sweep was illegal for the following four reasons: (1) the police entered her room illegally because the affidavit for the Dallas County warrant shows that the warrant was invalid; (2) the police tricked her by implying that the warrant was still valid; (3) it was not necessary to enter her home to arrest her; and (4) the police had no articulable reasons to justify a protective sweep in this case.  

In her motion to suppress the marijuana evidence and at the hearing on the motion, Harris’s sole argument was that the detectives’ protective sweep of her room was illegal because the detectives had no specific and articulable facts to believe that the bathroom in her hotel room harbored an individual who would pose a danger to the detectives at the arrest scene.  As we stated when we addressed Harris’s first issue, she did not argue that the arrest warrant was invalid, nor did she assert this point at the hearing on the motion to suppress. Additionally, Harris never asserted that the detectives tricked Harris into believing that the warrant was valid, nor did she argue that it was not necessary for the detectives to enter her home to arrest her, either in her motion or at the suppression hearing.  Therefore, Harris has forfeited her right to raise these arguments on appeal.  
See
 
Tex. R. App. P
. 33.1(a);
 Martinez,
 17 S.W.3d at 682-83.  Harris’s fourth reason, however, is preserved for our review.  

Harris argues that the detectives simply acted on a generalized hunch or feeling, which was not grounded in any articulable fact.  However, Detective Kemp testified that when he arrested Harris in her home, he believed that the unknown man might be hiding in Harris’s bathroom.  Detective Kemp explained that the unknown man had been seen with Harris only four hours earlier, exiting a stolen vehicle.  He also testified that the man ran away when a police officer approached him and that Harris’s hotel room was located directly across the street from the highway where the stolen car had been recovered.  Further, after the detectives knocked on Harris’s door, Harris took what the detectives believed was a longer-than-usual period of time to open the door.  Finally, when the detectives entered the room, they noticed that the bathroom door was shut. Under the circumstances in this case, we hold that the detectives were justified in performing a protective sweep of the motel room.  
See Mondragon-Garcia v. State
, 129 S.W.3d 674, 677 (Tex. App.—Eastland 2004, pet. ref’d) (holding protective sweep was justified because appellant had been seen with two other people in the hours before the arrest);
 Ramirez v. State, 
105 S.W.3d 730, 743 (Tex. App.—Austin 2003, no pet.) (holding officer was permitted to sweep the room in order to establish that no individuals were present); 
see also Pever v. State,  
No. 14-97-00345-CR, 2001 WL 276667, at *1 (Tex. App.—Houston [14th Dist.] March 22, 2001, pet. ref’d) (not designated for publication) (holding officers articulated facts which could lead a reasonable officer to feel need to conduct protective sweep for their safety when they testified that suspect initially refused to come out of his residence, that another suspect was involved, and that they did not know where the other suspect was when the warrant was served).  Accordingly, we overrule Harris’s second issue.

V. 
Conclusion 

Having overruled both of Harris’s issues, we affirm the trial court’s judgment. 

BOB MCCOY

JUSTICE

PANEL B:  WALKER and MCCOY, JJ.; and BRIGHAM, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 13, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.